PeaesoN, C. J.
 

 The exception of the defendant, Mitchell, now heard, is based upon the allegation that he was not a partner of Waldo, during the year 1856. This allegation is not proved, and, consequently, the exception must be overruled.
 

 Mitchell admits his copartnership with Waldo in 1855, and also, in 1857, but alleges there was a discontinuance of the copartnership for the year 1856, by the substitution of Parr in his stead for that year, which he insists resulted by the force and effect of a certain instrument of writing or deed executed by Parr and himself, with the knowledge and concurrence of Waldo.
 

 This deed was destroyed by Mitchell in 1857, and he remarked to Parr, at the time, “ that it was of no further use, and might as well be torn up.” No copy of it was preserved, and the testimony in respect to it is so conflicting, and of such a character, as to render it impossible for the Court to declare what were its contents. We are fully satisfied, however, of this fact, that although the nature of the deed may have been such as to have the legal effect to bring Parr
 
 m
 
 and make him liable, it did not have the effect to put Mitchell
 
 out
 
 of the firm, and relieve him from liability — the original purpose of the arrangement being to make Parr more stirring in his superintendence of the mills, by having his wages depending, in part, on the profits.
 

 Without entering into a particular examination of the evidence, one or two general remarks will be sufficient to show the correctness of this conclusion :
 

 The want of fairness in the answer of Mitchell, by which he attempts to make the impression that the deed had been, “lost or destroyed” without any agency on his part, when it
 
 *174
 
 is proved that he had, but a few months before, actually destroyed it himself, raises a presumption against him, under which he must be content to labor. Waldo had failed at the time when Mitchell tore up the paper; so, he must have been aware that it was very important for him to be able to relieve himself from liability, as a member of the firm, and if the deed had been of the character which he now pretends it was, he would, most assuredly, have preserved it. The fact, that he tore up the deed, saying “ it was of no further use,” is entitled to more weight than the recollection of a half a •dozen witnesses as to the contents of a paper in which they had no particular interest, and which, it is not alleged contained any direct words releasing Mitchell, and substituting Parr as a member of the firm.
 

 Parr was only a workman, and had no means; Mitchell was a man of substance. If the deed was of the character now imputed to it, can it be seriously insisted, that Waldo would not have objected to the arrangement by which a solvent partner was to be withdrawn, and a man of straw put it his place? Besides, the firm of Waldo & Mitchell, in the year 1855, had been doing a very heavy business; would this alleged change have taken place by which the firm of “Waldo & Mitchell” was dissolved without a settlement or some more definite provision for paying of? the debts and dividing the profits, than •a mere understanding that the lumber on hand was to be applied to the discharge of debts due for the past year, unaccompanied by any statement of the amount of debts, or the quantity of lumber?
 

 Waldo, during the year 1856, made entries on the boobs of “ Waldo and Clements,” charging large sums to “Waldo and Mitchell,” according to the course of dealing of 1855. These entries were seen by Mitchell from time to time, and although at first he made some objections, he finally acquiesced, and allowed the dealing and entries in the books of “ Waldo and Clements” to stand, and be continued to be made against “ Waldo and Mitchell,” without the slightest notice taken of poor Mr. Parr!” who is now, by dexterous shuffling, to be
 
 *175
 
 turned up as the partner of "Waldo, and Clements is to lose his money, on the suggestion, that the charges ought to have been entered against “Waldo and Parr”!!! a firm which never figured “ in book or bill,” and of which no man had ever heard, until after the failure of Waldo, when Mitchell •attempts to trump up Parr as the partner of Waldo, although prior to that event, he had, himself, been content to hold the honor.
 

 Per CüRiam, Exception over-ruled.